## 8336. DAVIS *v.* THE STATE.

1. Section 252 of the Penal Code of 1910 defines two offenses: (1) selling, leasing, renting, or otherwise conveying to another land or the timber thereon, the title of which is forged, or the grant or any deed or conveyance whereof is forged, knowing the same to be forged; (2) or taking possession of or occupying or exercising any acts of ownership over any land or timber thereon under any grant, deed, bond, lease or other conveyance which is forged, or any part of the title whereof is forged, knowing the same to be forged.

2. To "take possession of" any land or timber thereon, as used in the second clause of § 252 of the Penal Code, implies the actual possession of the whole or some part of the land or timber. It is a corporeal act, as distinguished from a mere claim of ownership. Possession is a species of property, distinguished from title or ownership. It may be partially actual and partially ideal. To "occupy" any land or timber thereon, as used in the clause of the section named, implies the actual and corporeal possession of the whole or of a portion of the land or timber. Occupancy is always actual, as distinguished from possession, which may be actual or constructive. Occupancy is never constructive, save in the sense that land may be occupied through the actual possession of another. The "acts of ownership" over any land or the timber thereon, as used in this clause of the code-section, implies and is to be interpreted as acts differing from a mere verbal claim of ownership, of like character to taking possession of or occupying lands or timber, or some part thereof.

3. The indictment in the case at bar charged the accused with the commission of the offense as defined in the second clause of § 252 of the Penal Code, and was sufficient to withstand the demurrer filed thereto. The evidence did not authorize the verdict of guilty, and the trial court erred in overruling the motion for a new trial.

DECIDED MAY 11, 1917.

Indictment for taking possession of land under forged conveyance, etc.; from Cobb superior court—Judge Patterson. December 27, 1916.

*Barry Wright,* for plaintiff in error.

*Herbert Clay, solicitor-general,* contra.

GEORGE, J. Davis was indicted for taking possession of, occupying, and exercising acts of ownership over lot of land 1024 in the 16th district and second section of Cobb county, Georgia. The indictment contained four counts. The State abandoned the first count, the court sustained a demurrer to the fourth count, and Davis was found guilty upon the second and third counts. His demurrer was to the indictment as a whole. The indictment charged a violation of the second clause of § 252 of the Penal

Code of 1910, substantially in the language of the section, and was sufficient to withstand the demurrer. The accused made a motion for a postponement of his trial and for the continuance of his case. He filed a challenge to the array, and made a motion for a new trial, containing, besides the general grounds, exceptions to several rulings of the court. In the view which we take of the case it is unnecessary to consider any of the questions raised except as to the sufficiency of the evidence. We have concluded that the evidence is entirely insufficient to support the charge that the accused took possession of, occupied, or exercised any acts of ownership over the lot of land described in the indictment. Several witnesses testified that on different dates the accused was in Cobb county, looking after certain lots of land. According to these witnesses he claimed certain lands in Cobb county, but the record does not disclose that lot of land 1024, described in the indictment, was one of the lots claimed by the accused. Mrs. Lomax, the prosecutrix, testified in substance that the accused was in Marietta, Cobb county, on July 21, 1915. She came to Marietta at his request to look at the land with a view to purchasing it. She was accompanied by her son-in-law. She found the accused at the court-house in Marietta. The accused called an automobile driver and employed the driver to take Mrs. Lomax and her son-in-law out to lot of land 1024. He instructed the driver to show her the particular land which he had "been showing to other people." The accused did not, in Cobb county, tell her anything about the land. He simply sent her out to see the land. The chauffeur drove Mrs. Lomax out to the land, and procured a resident of the county to point out the lot to her. The accused did not accompany her. The prosecutrix saw the land subsequently on several different occasions, and finally closed the trade for the land in Fulton county, Georgia. The purchase price was paid to Davis in Fulton county. The defendant, in his statement at the trial, contended that he had never been on lot of land 1024, and did not know its location. No witness, so far as the record discloses, ever saw the accused upon the land, or any person upon the land claiming any right of possession under the accused. It is unnecessary to detail the evidence offered in support of the further allegations of the indictment.

Section 252 of the Penal Code of 1910 is as follows:- "If any

person shall sell, lease, rent, or otherwise convey to another any land or the timber thereon, the title of which is forged, or the grant or any deed or conveyance whereof is forged, knowing the same to be forged; or if any person shall take possession of or occupy or exercise any acts of ownership over any land or the timber thereon, under any grant, deed, bond, lease, or other conveyance which is forged, or any part of the title whereof is forged, knowing the same to be forged, such person shall be punished by imprisonment and labor in the penitentiary for not less than one nor more than five years: Provided, that the provisions of this section shall not apply to any person whose title or possession was acquired by him, or those under whom he claims, bona fide and without notice of the fact of such forgery." The word "possession," as applied to land, and as used in the code-section quoted, has a fixed and definite meaning. It implies a corporeal act. It can not be construed as a mere claim to land. The word "occupy" is even more specific, and indicates always actual and corporeal possession. It is distinguished from "possession" only in that possession may be partially actual and partially constructive. In order to sustain a conviction under the indictment in this case, it is necessary to show that the defendant took possession—that is, actual possession—of the whole or some portion of the land described in the indictment, or that he occupied—that is, had physical possession of—some portion or all of the land described in the indictment, or that he exercised acts of ownership over some portion or the whole of the land described in the indictment. It would be sufficient to show that he possessed, occupied, or exercised acts of ownership over the land or some portion thereof, either directly or through another, acting for him as a tenant, lessee, or care-taker. It is insisted by the State that the evidence in the record is sufficient to show that the accused exercised acts of ownership over the land. At most, he claimed to own the land, desired to sell the land, and sent the prospective purchaser to see the land. It appears that the automobile driver who carried the prosecutrix to see the land was himself unacquainted with the land. He procured a resident of the district to point out the metes and bounds of the lot to the prosecutrix. This driver was not regularly employed by the accused, so far as the record discloses, but, on the contrary, was engaged for this special service only. "Acts of ownership," as used

in this section of the code, certainly imply acts similar in nature and character to the act of taking possesion of or the act of occupying lands. The doctrine of ejusdem generis undoubtedly applies in the construction of this section. Further, the maxim "Noscitur a sociis" (a word is known from its associates) is also applicable. The section under construction was not intended to define the offense of forgery of deeds, or of uttering forged deeds. These offenses were fully covered by statutes enacted long before the passage of the act codified in this section of the Penal Code (Acts 1882-3, p. 125). The proviso in this section makes it entirely clear that the legislature intended to use the expressions "take possession," "occupy," and "exercise acts of ownership" as practically synonymous. It did not contemplate that a mere verbal claim of ownership, or an attempt to sell, or even the act of selling, any land or timber should fall within the meaning of the second clause of the section. Indeed, the offense defined in the first clause of the section would seem to be conclusive upon that question. None of the acts proved against the accused in this case fall within the statute, and the charge in the indictment, that the defendant "took possession of, occupied, and exercised acts of ownership" over the land, is entirely unsupported by the evidence.

The other errors alleged to have been committed will hardly occur should the State see proper again to put the accused on trial.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*